UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


MICHAEL REEVES,                          )
                                         )
            Plaintiff,                   )
                                         )            CIVIL ACTION NO.
VS.                                      )
                                         )            3:05-CV-0720-G
TEXAS WORKERS' COMPENSATION              )
COMMISSION, ET AL.,                      )
                                         )
            Defendants.                  )


## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Texas Workers'

Compensation Commission ("TWCC"), to dismiss plaintiff Michael Reeves'

("Reeves") complaint and enter judgment on the pleadings.  For the reasons discussed

below, TWCC's motion is granted.

## I.  BACKGROUND

Reeves alleges claims under the Fifth, Thirteenth, and Fourteenth Amendments

to the United States Constitution against TWCC for denial of due process and racial

discrimination.  Plaintiff's Original Petition ("Petition"), Exhibit 15.  Reeves filed a

petition in the 101st Judicial District Court of Dallas County, Texas on March 8,

2005.  *See generally* Petition.  TWCC removed the action to this court on April 14,

2005.[1]  *See generally* Notice of Removal.  TWCC filed the instant motion for

judgment on the pleadings on May 16, 2005.  *See generally* Defendant Texas Workers'

Compensation Commission's Motion for Judgment on the Pleadings and Brief in

Support ("TWCC's Motion").

## II.  <u>ANALYSIS</u>

### A.  <u>Legal Standard for Judgment on the Pleadings</u>

"After the pleadings are closed but within such time as not to delay the trial,

any party may move for judgment on the pleadings."  F<small>ED</small>. R. C<small>IV</small>. P. 12(c).  When

ruling on such a motion, the court must regard allegations of fact in the complaint as

true.  See *Cash v. Commissioner of Internal Revenue*, 580 F.2d 152, 154 (5th Cir.1978).

The court may enter judgment on the pleadings only if the material facts show that

the movant is entitled to prevail as a matter of law. See *Greenberg v. General Mills Fun*

*Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973).  This standard is roughly equivalent to

that applied on a motion under Rule 12(b)(6) to dismiss for failure to state a claim.

---

[1]      On April 21, 2005, following removal of the case to this court, Reeves
filed a document contesting removal, which the court treated as a motion to remand.
*See generally* Affirmative Responce (sic) & Non-Waiver of My Civil Rights Cause
("Motion to Remand").  On May 13, 2005, TWCC filed a response to this motion.
*See generally* Defendant Texas Workers' Compensation Commission's Response to
Plaintiff's Motion to Remand.  On May 25, 2005, Reeves acknowledged the removal
and made requests intended to further his cause in federal court.  *See generally*
Acknowledgment of Transfer to Federal Court.  Accordingly, Reeves' motion to
remand is denied.

See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (1990); see also *St. Paul Insurance Company of Bellaire, Texas v. AFIA Worldwide Insurance Company*, 937 F.2d 274, 279 (5th Cir.1991).

B.  Grounds for Granting TWCC's Motion

TWCC is entitled to judgment on the pleadings because Reeves failed to bring his claim under 42 U.S.C. § 1983, and even if he had, TWCC is entitled to sovereign immunity as an agency of the State of Texas.

1. *Failure to Sue Under 42 U.S.C. § 1983*

With a few exceptions in which there were no alternative remedies, "the federal courts, and this Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution." *Hearth, Inc. v. Department of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980).  In *Hearth*, the court "note[d] that Congress has provided a means of seeking relief against state officials who violate the Constitution." *Id.*  The means for seeking such relief is codified in 42 U.S.C. § 1983, which states that "any person, acting under color of state law, who deprives a United States citizen 'of any rights, privileges, or immunities secured by the Constitution' shall be liable to such citizen." *Id.* at 382-383 (citing 42 U.S.C. § 1983).  "42 U.S.C. § 1983 is the necessary vehicle through which a plaintiff must assert a Constitutional claim.  If the plaintiff does not assert 42 U.S.C. § 1983, the plaintiff's federal Constitutional claims should be dismissed." *Hunt v. Smith*, 67 F.Supp.2d 675, 681

- 3 -

(E.D. Tex. 1999).  TWCC is entitled to prevail because Reeves -- by failing to assert a claim under 42 U.S.C. § 1983 -- has not stated a claim upon which relief can be granted.  Judgment on the pleadings will be entered under Rule 12(c).

### 2. *Sovereign Immunity*

Even if allowances are made because Reeves is proceeding *pro se*, and it is assumed that Reeves' claims are brought under 42 U.S.C. § 1983, those claims must still be dismissed because TWCC, as a state agency, is entitled to Eleventh Amendment immunity from suit in federal court.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  Construing the Amendment under principles of sovereign immunity, the Supreme Court has held that a state is generally immune from any action brought against it in federal court by one of its citizens.  See *Pennhurst State School* & *Hospital v. Halderman*, 465 U.S. 89, 100 (1984).  This immunity also extends to agencies or arms of the state.  See *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280 (1977).

TWCC has sovereign immunity in a cause of action brought under 42 U.S.C. § 1983.  TWCC's entitlement to sovereign immunity in general, as an agency of the State of Texas, has been previously established.  See *Rogers v. Morales*, 975 F.Supp.

- 4 -

856, 856 (N.D. Tex. 1997) (holding that the defendant, the executive director of

TWCC, was entitled to sovereign immunity as to the plaintiff's claim for damages).

Furthermore, although Congress may abrogate the States' constitutionally based

immunity from suit in federal court, its intention to do so must be made

unmistakably clear by the language of a statute.  *Atascadero State Hospital v. Scanlon*,

473 U.S. 234, 242 (1985).  Congress has not explicitly abrogated Texas' immunity

from section 1983 claims.  See *Will v. Michigan Department of State Police*, 491 U.S. 58,

66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States'

Eleventh Amendment immunity and so to alter the federal-state balance in that

respect . . .").  Therefore, TWCC, as a Texas state agency, is immune from the claims

Reeves has alleged against it and is entitled to prevail as a matter of law.

### III.  CONCLUSION

For the reasons discussed above, TWCC's motion for judgment on the

pleadings is **GRANTED**.  Judgment will be entered that the plaintiff take nothing on

his claims against the defendants.[2]

------------------------------

[2]      The court, pursuant to its authority under Rule 12(h)(3) of the Federal
Rules of Civil Procedure, raises *sua sponte* the issue of sovereign immunity for the
defendants identified as Ms. Sarah and Ms. Emily.  FED. R. CIV. P. 12(h)(3); see also
*Ysleta del Sur Pueblo v. Texas,* 36 F.3d 1325, 1336 (5th Cir.1994) (noting that because
sovereign immunity operates as a jurisdictional bar, the issue may be raised by the
court *sua sponte*), *cert. denied*, 514 U.S. 1016 (1995).  Ms. Sarah and Ms. Emily were
sued in their official capacity as employees of TWCC, thus entitling them to
sovereign immunity.  See *Rogers*, 975 F.Supp. at 856 (holding that the executive
(continued...)

**SO ORDERED**.

July 21, 2005.

_____

A. JOE FISH
CHIEF JUDGE

---

(...continued)
director of TWCC, sued in his official capacity, was immune from suit).  Accordingly,
judgment on the pleadings will be entered for both of these defendants for the same
reasons previously discussed.